Robert M. Hirsh
Mark B. Joachim
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

| | |
|---|---|
| In re: | |
| CRAIG ANTELL DO, PC dba NEW YORK PHYSICAL REHABILITATION AND WELLNESS, | Chapter 11 |
| Debtor. | Case No. 14-10073 (SCC) |

------------------------------------------------------- x

| | |
|---|---|
| In re: | |
| CAAM LLC, | Chapter 11 |
| Debtor. | Case No. 14-10074 (SCC) |

------------------------------------------------------- x

| | |
|---|---|
| CRAIG ANTELL DO, PC dba NEW YORK PHYSICAL REHABILITATION AND WELLNESS, and CAAM LLC, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 14-01348 (SCC) |
| CRAIG ANTELL, 274 MADISON COMPANY, LLC, ULM I HOLDING CORP., ANDREW MARCUS, STEVEN MASLOW, AND MAAC PAYROLL PROCESSING, | |
| Defendants. | |

-------------------------------------------------------x

# AFFIDAVIT OF DR. CRAIG ANTELL IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR ORDER STAYING STATE COURT ACTIONS AGAINST DR. CRAIG ANTELL PURSUANT TO SECTION 105

I, Dr. Craig Antell, declare as follows under penalty of perjury:

1. I am over 18 years of age and a New York State licensed Doctor of Osteopathy who specializes in physical medicine and rehabilitation. If called as a witness, I could and would competently testify with respect to the matters set forth in this affidavit from my own personal knowledge or from knowledge gathered from others within the debtors' organization, my review of relevant documents, or my opinion based upon my experience concerning the debtor's operations.

## THE AFFIANT

2. I am the sole owner and medical director of Craig Antell DO, PC dba New York Physical Rehabilitation and Wellness ("NYPRW"), and the managing member of CAAM, LLC ("CAAM"; together with NYPRW, the "Debtors" or "Company") and have served in this capacity since in or about July 1999. I am authorized to speak on behalf of the Company in this adversary proceeding.

3. I submit this affidavit in support of the *Emergency Motion for Order Staying State Court Actions Against Dr. Craig Antell Pursuant to Section 105* (the "Motion"). All capitalized words used herein shall have the meaning ascribed to them in the Motion unless otherwise defined herein.

4. Section II of the Motion contains certain factual statements in support of the Motion. I have reviewed Section II and discussed them with the Company's counsel, and I am informed and believe that the factual statements contained therein are true and correct.

5. In my positions at the Debtors, I oversee and direct the Debtors' financial

planning, financial reporting, and cash management activities, and I have been actively involved in developing and implementing the Debtors' business strategies. I have also been serving—and will continue to serve—as the point person for the Debtors' efforts in these bankruptcy cases.

6. The Debtors filed their respective voluntary chapter 11 petitions on January 15, 2014 in the Southern District of New York. An emergency motion to jointly administer both bankruptcy cases has been filed.

## THE COMPANY

A. **Business Segment And Operations.**

7. In or about July 1999, I formed the Company which does business as New York Physical Rehabilitation & Wellness, a New York professional corporation. I am, and have always been, the sole owner of the Company.

8. In April 2001, I opened a physical medicine, physical occupational, physical therapy and chiropractic practice in the name of the Company. The Company initially operated at 274 Madison Avenue, New York, New York and eventually opened another location at 1776 Broadway, 5th Floor, New York, New York.

9. The Company now offers general rehabilitation services, pain management, physical medicine, physical occupational, physical therapy and chiropractic services to its patients, which include post-operative surgical patients and patients with acute disk disorders and chronic pain conditions, through licensed medical doctors, doctors of osteopathy, physical therapists, occupational therapists and chiropractors.

10. Since 2001, I have built the Company into a multi-doctor, multi-office practice employing approximately four medical doctors, three doctors of osteopathy, one allopathic doctor, and 10 physical and occupational therapists and chiropractors. As of the Petition Date, the

Company had approximately 27 employees and 750 to 1,000 active patients.

11. The Company provides important medical services to its patients five days per week and sees approximately 600 patients each week. Any interruption in the Company's operations would have a significant negative impact on patients' health and the Company's business. Many patients, including post-surgical and pain management patients, have ongoing courses of treatment, and any interruption of these treatments will have severe detrimental consequences on their medical conditions and outcomes.

12. The Company also has high fixed costs, and even a small reduction in patient volume would have a severe negative impact on the Company's financial viability. Additionally, the Company's survival depends on the quality of care provided to, and the satisfaction of its patients, and its reputation with patient and referring doctors.

**B.    Events Leading to This Chapter 11 Filing.**

13. In or around April, 2001, the Company hired Andrew Marcus ("Marcus") to provide chiropractic services to patients at the Company's two offices. Marcus also managed the Company's non-medical business operations and staff, for which he was paid by a separate non-debtor entity. Throughout his employment, Marcus engaged in improper and inappropriate conduct detrimental to the Company. Marcus' improper interference with the Company's business operations and other misconducts, which directly impacted the Company's profitability and financial viability, necessitated the filing of the instant bankruptcy case.

14. As a result, I commenced a state court action against Marcus for, among other things, breach of fiduciary duties, trespass, and tortious interference which is currently pending before the Supreme Court of the State of New York entitled as *Craig Antell v. Andrew Marcus*, index no. 652498-2012. A true and correct copy of that complaint is attached hereto as Exhibit

"A" and incorporated herein by this reference.

15. It was recently discovered that Marcus had forged my name and/or initials on various documents, without my knowledge or consent, including CAAM's operating agreement and amendments thereto, certain license agreements by and between CAAM and the Debtor and certain guaranties of leases by and between CAAM and landlords 274 Madison Company and ULM I Holding Corp. A true and correct copy of the Affidavit of John F. Breslin, a forensic document examiner and his report laying out the various forgeries, is attached hereto as Exhibit "B".

16. As a result of Marcus' misconduct and interference, the Debtor and I have been the target of various lawsuits currently pending in the Supreme Court of the State of New York. A list of the State Court Actions presently pending against the Debtor and myself as well as a brief description of the actions are provided here:

   a. *274 Madison Company, LLC v. CAAM, LLC, et al.*, index no. 652506-2013, filed on or about July 17, 2013. The Debtor leases space at 274 Madison Avenue, New York, New York from the owner 274 Madison Company, LLC. The owner has sued me and the Debtor, jointly and severally, for unpaid rents and damages in the amount of $69,000 based on a purported guaranty of the lease. A true and correct copy of the complaint is attached hereto as Exhibit "C".

   b. *ULM I Holding Corp. v. Craig Antell, et al.*, index no. 653650-2013, filed on or about October 22, 2013. The Debtor leases space at 1776 Broadway, New York, New York from the owner ULM I Holding Corp. The owner has sued me for, *inter alia*, breach of a purported personal guaranty and damages in the amount of at least $742,726. A true and correct copy of the complaint is attached hereto as Exhibit "D".

c. *Andrew Marcus derivatively on behalf of CAAM, LLC and MAAC Payroll Processing, Inc. v. Craig Antell, et al.*, index no. 650942-2013, filed on or about March 15, 2013. Mr. Marcus, purportedly derivatively on behalf of CAAM, LLC and MAAC Payroll Processing, Inc. sued the Debtor and me, jointly and severally, for, *inter alia*, breach of license agreements, breach of fiduciary duties, and unjust enrichment and request damages in excess of $40,000,000. A true and correct copy of the complaint is attached hereto as Exhibit "E".

d. *Andrew Marcus, CAAM, LLC and MAAC Payroll Processing, Inc. v. Craig Antell, et al.*, index no. 652561-2012, filed on or about July 25, 2012. Plaintiffs in that case have sued the Debtor and me, jointly and severally, for, *inter alia*, breach of license agreements, breach of fiduciary duties, and unjust enrichment and request damages in excess of $7,500,000. A true and correct copy of the complaint is attached hereto as Exhibit "F".

e. *Craig Antell v. Andrew Marcus*, index no. 652498-2012, filed on or about July 19, 2012. Mr. Marcus has filed counterclaims against the Debtor and me for, *inter alia*, breach of license agreements, breach of fiduciary duties, and unjust enrichment. A true and correct copy of the amended answer and counterclaims is attached hereto as Exhibit "A".

## THE DEBTORS' REORGANIZATION EFFORTS

17. Since the Petition Date, I have devoted my resources and energy to ensuring that the Debtors are able to successfully reorganize their business and affairs and, the Debtors are able to consummate a sale for maximum value for the benefit of creditors. Indeed, I have been working diligently with the Debtors' proposed financial advisor and bankruptcy counsel to assist

in the formulation of an appropriate and timely exit strategy.  The Debtors are in the process of securing DIP financing and will file a motion to approve the DIP financing shortly as well as a sale procedures motion.

18. If this Court does not issue an injunction and I am forced to defend the State Court Actions, it is my belief that defending the State Court Actions would consume a considerable amount of my time, energy, and resources and would substantially reduce my ability to see patients as well as reduce the chances that the Debtors will be able to successfully sell its assets as a going concern for maximum value and reorganize.  Being forced to defend myself in the five (5) State Court Actions and participate in the attendant discovery, depositions, defense, and court hearings will significantly distract me from focusing on the Debtors' reorganization efforts and will divert my time, energy, and resources away from the bankruptcy case.  This will significantly impair my ability to run the Debtors' operations, maintain customer confidence, generate sales, stabilize cash flow, move forward with the sale process, and ultimately timely exit from the bankruptcy cases thereby harming the estates and the creditor body.

19. Indeed, if the State Court Actions are not stayed, I will have to expend my limited resources, including the sale funds I have set aside, on my attorneys' fees and costs thereby jeopardizing the Debtors' reorganization and the sale process.  Moreover, I am informed that if the State Court Actions are not stayed, they may conduct extensive discovery, depositions, and require my court attendance at various hearings which I will have to spend considerable time and energy preparing and responding to.

20. The continued litigation of the State Court Actions also risks prejudicing the Debtors' position with respect to claims against third parties including, without limitation, the Debtors' counterclaims against the various parties to the State Court Actions and the validity of

CAAM's operating agreement and amendments thereto.

21. There have been no allegations that I am transferring assets as a result of the State Court Actions. In summary, I believe that valuable and limited resources, time, and money will be used to defend against the State Court Actions if they are not stayed when the more appropriate use of my limited resources, time, and money should be in moving the bankruptcy case towards a timely exit for the benefit of the Debtors' bankruptcy estate and the creditor body.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of January, 2014, at New York, New York.

                                            */s/ Craig Antell*
                                            DR. CRAIG ANTELL

Sworn to before me this
15th day of January 2014.

*/s/ David J. Kozlowski*
Notary Public, State of New York
No. 02KO6218842
Qualified in New York County
Commission Expires: 3/15/2014